# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

MATTHEW LEBOVIC,

               Plaintiff,

   v.

COMBINED JEWISH PHILANTHROPIES
OF GREATER BOSTON, INC., SARAH
ABRAMSON, RACHAEL WEISZ, and
MARC BAKER,

               Defendants.

Civil Action No. _____

REMOVED FROM THE SUPERIOR
COURT OF SUFFOLK COUNTY,
COMMONWEALTH OF
MASSACHUSETTS CASE NO. 2184-
cv-00241

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Combined Jewish Philanthropies of Greater Boston, Inc., Sarah Abramson, Rachael Weisz, and Marc Baker ("Defendants"), by and through their attorneys, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, file this Notice of Removal with respect to the above-captioned case, which was filed and is currently pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, Civil Action No. 2184-cv-00241.  In support of its Notice of Removal, Defendants state as follows:

## BACKGROUND AND TIMELINESS

1.      On or about January 29, 2021, Plaintiff Matthew Lebovic ("Plaintiff") filed his original complaint in the Superior Court of Suffolk County, Commonwealth of Massachusetts, titled, *Matthew Lebovic v. Combined Jewish Philanthropies of Greater Boston, Inc. et al.*, Civil Action No. 2184-cv-00241 (the "State Court Action").

68027971v.1

2.       On February 2, 2021, Defendants, by and through the undersigned counsel, agreed to accept service of the complaint, tracking order, and civil action cover sheet in this matter.  On February 4, 2021, Plaintiff served a copy of the foregoing documents on Defendants' counsel.  A copy of all "summons, pleadings, and orders" received by Defendants in the state court action is attached as Exhibit A.  *See* 28 U.S.C. § 1446(a).

3.       Because Defendants have filed this Notice of Removal within thirty days of receipt of service of the complaint, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

## THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION

4.       Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question.

5.       This court has original jurisdiction over this action because Plaintiff's complaint asserts a claim under the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA").  *See* Ex. A, Compl., ¶¶ 135-36 (asserting claim for retaliation under the FMLA).  This claim arises under the Constitution, laws, or treaties of the United States.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

6.       This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.       As a result, this case is properly removable to this Court under 28 U.S.C. § 1441.

68027971v.1

## VENUE AND NOTICE

8.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Suffolk County, Commonwealth of Massachusetts.  Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9.      Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for the Superior Court of Suffolk County, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as Exhibit B.

## CONCLUSION

10.      Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367; therefore, the Court properly may exercise jurisdiction over this lawsuit.  28 U.S.C. § 1441(a).

11.      Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

12.      Should Plaintiff seek to remand this case to state court, Defendants respectfully asks that they be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendants respectfully

request that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendants submit that this action properly is removable based on federal question jurisdiction and respectfully shows that the above-described action pending against it has been removed to the United States District Court for the District of Massachusetts. Defendants also request all other relief, at law or in equity, to which they justly are entitled.

DATED: February 5, 2021

Respectfully submitted,

COMBINED JEWISH PHILANTHROPIES OF GREATER BOSTON, INC., SARAH ABRAMSON, RACHAEL WEISZ, and MARC BAKER,

By their attorneys,

/s/ Michael E. Steinberg
Lynn A. Kappelman (BBO No. 642017)
lkappelman@seyfarth.com
Michael E. Steinberg (BBO No. 690997)
msteinberg@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
Telephone:   (617) 946-4800
Facsimile:   (617) 946-4801

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2021, a true copy of the within document was filed through the Court's ECF system.  Paper and electronic copies were also delivered to all counsel of record not current registered to receive ECF notices in this matter.

*/s/ Michael E. Steinberg*
Michael E. Steinberg

68027971v.1